IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 12, 2003 Session

## STATE OF TENNESSEE v. THURMAN L. WHITSEY AND CHARLIE MAE WHITSEY

**Direct Appeal from the Criminal Court for Davidson County**
**No. 200-B-1062     Cheryl A. Blackburn, Judge**

**No. M2001-03127-CCA-R3-CD - Filed April 23, 2003**

JOSEPH M. TIPTON, J., concurring.

I concur in the results reached in the majority opinion. I respectfully disagree, though, with the majority opinion's view that, absent the defendant's 1994 cocaine sale, the affidavit would have warranted a person of reasonable caution to believe that cocaine or other evidence of drug offenses was located at the defendant's house.

The affidavit reflects a conversation between Antonio Peebles and the defendant at the defendant's house. No other exchanges of any kind were witnessed. Unquestionably, the timing and length of Peebles' visits to the defendant were suspicious, but to extrapolate from the circumstances a belief that the defendant was possessing contraband or related evidence requires substantial speculation.

However, I reach a different conclusion when I consider the fact that the defendant sold cocaine from the same house five years earlier. The majority opinion considers the information regarding the sale to be "stale." Considering it alone, I would agree, but considering it with the other evidence is another matter. I believe the prior cocaine sale is probative of the defendant's involvement with drugs, particularly cocaine, at his house. See, e.g., United States v. Ten Thousand Seven Hundred Dollars and No Cents, 258 F.3d 215, 233 (3rd Cir. 2001) (noting that prior drug convictions are probative of probable cause to forfeit currency in claimant's possession); United State v. Conley, 4 F.3d 1200, 1207 (3rd Cir. 1993) (stating that prior convictions aid in establishing probable cause, especially when they involve crimes of a similar nature).

Obviously, the older the prior crime, the weaker its probative value. See, e.g., United States v. $5,000.00 in U.S. Currency, 40 F.3d 846, 849-50 (6th Cir. 1994) (stating "the fact that [claimant] pleaded guilty to state drug charges more than six years earlier is of little import here: a man's debt to society cannot be of infinite duration"). In contrast, I note that we view felony convictions to be

probative of credibility for ten years.  <u>See</u> Tenn. R. Evid. 609(b).  Similarly, I believe it is reasonable to derive at least some probative value from the substance of the prior crime.

In the present case, the fact that the defendant's prior cocaine sale occurred five years earlier reduces its probative value.  However, given the surrounding circumstances, I view the prior conduct sufficiently probative to cast the defendant's and Peebles' connected actions in an inculpatory light and to justify the issuance of a warrant.

_____

JOSEPH M. TIPTON, JUDGE